UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY LEE GARIG

VERSUS

JEFFERY TRAVIS, ET AL.

CIVIL ACTION

NO.   20-654-JWD-RLB

**RULING AND ORDER**

This matter comes before the Court on *Defendant Attorney General Jeff Landry's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint* (Doc. 49) filed by Defendant Attorney General Jeff Landry (the "Attorney General" or "AG"). Plaintiff Tammy Lee Garig ("Plaintiff") opposes the motion. (Doc. 63.)[1] The Attorney General filed a reply. (Doc. 67.) Oral argument is not necessary. The Court has carefully considered the law, the facts alleged in the *Amended Supplemental Complaint for Damages* ("Amended Complaint") (Doc. 48), and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the motions are granted.

**I.    Relevant Factual Background**

Plaintiff in this civil rights action is Tammy Lee Garig, a former employee of the Village of Wilson Police Department. (Doc. 48 at 2.) Defendants are (1) Jeffery Travis, Sheriff of East Feliciana Parish, sued in his individual and official capacity; (2) Greg Phares, former Chief Deputy of East Feliciana Parish, sued in his individual and official capacity; (3) William "Bill" Cox, an Investigator with the Louisiana State Police, sued in his individual and official capacity; (4) Susan L. Guillory, Town Clerk for the Village of Wilson, sued in her official capacity; and (5) Jeff

---

[1] The other Defendants in this matter have also filed motions to dismiss. (*See* Doc. 51, Motion to Dismiss for Failure to State a Claim by Susan L. Guillory; Doc. 52, Motion to Dismiss for Failure to State a Claim by William Cox; Doc. 58, Motion to Dismiss by Greg Phares and Jeffery Travis.) Plaintiff filed a consolidated opposition to the Defendants' pending motions. (Doc. 63.)

1

Landry, head of the Louisiana Office of the Attorney General, "who has the duty to investigate the collusion of the public bodies of the State of Louisiana." (*Id.*) The Attorney General is sued in his official capacity. (*See id.* at 1–2.)

The following factual allegations are taken from the Plaintiff's Amended Complaint. (Doc. 48.) They are assumed to be true for purposes of this motion. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014). Because the parties are familiar with the facts of this case, they are discussed here only as necessary to explain the Court's decision.

In short, Plaintiff claims that the Defendants colluded with each other to wrongfully investigate Plaintiff and maliciously prosecute her for payroll fraud. (Doc. 48 at 3–4, 31.) Additionally, Plaintiff alleges that the Defendants' conduct caused her to be wrongfully arrested and falsely imprisoned, on December 6, 2019, for public payroll fraud, malfeasance in office, and filing or maintaining false public records. (*See id.* at 23, 31.)

As a result of the above, Plaintiff asserts the following causes of action: (1) civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986[2] (*id.* at 27–30); (2) civil rights violations under the Louisiana Constitution (*id.* at 30–31); (3) malicious prosecution and abuse of process (*id.* at 31); (4) false imprisonment, wrongful arrest, and wrongful detention (*id.* at 31–32); (5) retaliatory arrest in violation of Plaintiff's First Amendment rights under state and federal law (*id.* at 32); (6) intentional infliction of emotional distress/mental anguish (*id.* at 32–33); (7) negligence under state

---

[2] As to her § 1986 claim, Plaintiff alleges:
> each Defendant, excluding JEFF LANDRY, had knowledge that the wrongs conspired to be done by PHARES and their co-conspirators were about to be committed, and had power to prevent or aid in preventing the commission of the same. Each Defendant, excluding JEFF LANDRY, neglected and/or refused to do so, failing to prevent the wrongful acts complained of herein from being committed. Thus each Defendant, excluding JEFF LANDRY, is liable to the Plaintiff for all damages caused by the wrongful acts complained of herein. Each Defendant, excluding JEFF LANDRY, intentionally failed to exercise reasonable diligence which would have prevented the Plaintiff's damages. Thus Plaintiff brings additional claims against Defendants under 42 USC § 1986.

(Doc. 48 at 29–30.)

tort law (*id*. at 33); and (8) trespass and invasion of privacy (*id*. at 33–34).[3] The Attorney General now moves to dismiss all claims asserted against him in Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 49.)

## II. Applicable Standards

### A. Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits . . . .
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

### B. Rule 12(b)(6) Standard

"Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a

---

[3] Plaintiff's Amended Complaint (Doc. 48) does not specify whether the following causes of action are brought under federal law, state law, or both: malicious prosecution and abuse of process; false imprisonment, wrongful arrest, and wrongful detention; and trespass and invasion of privacy.

3

complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03

4

(5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Id.* at 503.

### III.  Parties' Arguments

#### A.  Attorney General Landry's Original Memorandum (Doc. 49-1)

In his motion, the Attorney General seeks dismissal of Plaintiff's claims against him on three main grounds: (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny; (2) Plaintiff's claims based on federal law, if any, are barred by the Eleventh Amendment; and (3) all of Plaintiff's claims are prescribed as a matter of law. (Doc. 49 at 2–3.)

As to the first ground, in his previous motion to dismiss (the "AG Motion") (Doc. 40), the Attorney General "incorporated the arguments found in the previous motions to dismiss filed by" the other Defendants in this case, including their arguments that the *Heck* doctrine bars all of Plaintiff's claims and that Plaintiff failed to plead any viable claims for relief under Rule 8(a). (Doc. 49-1 at 6–7 (referencing Docs. 8, 12, and 20); *see also* Doc. 40-1 at 4.) The Attorney General contends that these arguments remain applicable as to the Amended Complaint, despite "Plaintiff's removal and omission that she voluntarily entered into a pre-trial intervention program—a valid conviction." (Doc. 49-1 at 7.)[4] Consequently, the *Heck* doctrine applies in this case and Plaintiff's claims against the Attorney General should be dismissed with prejudice. (*Id.*)

Regarding his second ground for dismissal, the Attorney General "asserts his Eleventh Amendment immunity to any federal claims asserted against him." (*Id.*)[5] The Attorney General thus contends that this Court lacks subject matter jurisdiction over any purported federal claims against him, such that those claims should be dismissed with prejudice. (*Id.*)

---

[4] The Attorney General notes in his memorandum that he "incorporates as if copied herein *in extenso*, the arguments set forth in" Defendants' previous motions to dismiss. (Doc. 49-1 at 7 (referencing Docs. 8, 12, and 20).)
[5] The "Attorney General incorporates as if copied herein *in extenso*, the arguments set forth in the AG Motion as it relates to his defense." (Doc. 49-1 at 7, n.28 (citing Doc. 40-1 at 5–6).)

5

Third, the Attorney General argues that, even if the Court finds it has subject matter jurisdiction over the claims asserted against him, "those claims (both federal and state) are still prescribed as a matter of law because there are no new or different factual allegations asserted against him in the Amended Complaint to support such claims." (*Id*. at 8.)[6]

Additionally, the Attorney General notes that Plaintiff's Amended Complaint fails to remedy the pleading deficiencies detailed in numerous motions to dismiss and this Court's Order. (*Id*. at 5–6 (referencing Doc. 45).) As a result, the Attorney General "still does not have notice of the claims against him and the grounds upon which each claim rests.'" (*Id*. at 6 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).)

### B. Plaintiff's Opposition (Doc. 63)

In her consolidated opposition, Plaintiff argues that, although Defendants seek dismissal of her claims based on *Heck*, the doctrine "is not applicable" in Pre-Trial Intervention cases. (Doc. 63 at 9.) Specifically, Plaintiff urges that Defendants' motions based on the *Heck* doctrine should be denied in light of *Thompson v. Clark*, a case that is currently pending before the U.S. Supreme Court:

> The United States Supreme Court has granted a *Petition for Certiorari* on March 8, 2021, in *Thompson v. Clark*, 20-659, (2021) and heard oral argument on October 12, 20201 [sic] regarding the question of "Adjudicated Innocence" which is a standard that the Supreme Court should overturn as it improperly attempts to have an adjudication of innocence in a criminal proceeding injected into a civil proceeding for constitutional rights violations. Additionally, the proof required under *Heck* as espoused by Defendants in this matter improperly overlooks a presumption of innocence in criminal law.

(*Id*. at 9–10.) Plaintiff represents that the Supreme Court agreed to hear the *Thompson* case to resolve a division in this area of the law that has emerged from lower court opinions:

---

[6] The Attorney General "incorporates as if copied herein *in extenso*, the arguments set forth in the AG Motion as it relates to this defense." (Doc. 49-1 at 8, n.29 (citing Doc. 40-1 at 6–8).)

> The Supreme Court should address the [sic] will address *Heck v. Humphery* [sic] because a majority of lower courts have wrongly decided that a termination demonstrating innocence is an element of 1983 violations of constitutional claims. Specifically, the Supreme Court has been asked to grant certiorari that no such element (of proof of adjudicated innocence) exists in 1983 claims.

(*Id*. at 10 (citing Amicus Brief submitted in *Thompson v. Clark*).) Plaintiff highlights that, because she entered a pre-trial diversion program, "there was no finding of guilt" and, moreover, "no concession of guilt." (*Id*.) She further argues:

> The exception espoused by the Defendants all presume that Ms. Garig's entering into PTI attaches some culpability when PTI specifically avoids any finding of guilt and inferences inapposite of that unfairly place a burden on a civil litigant that she have a finding of innocence when it is generally impossible in the criminal justice system and thus, this Court should deny dismissing the claims of Ms. Garig on the *Heck* exception at this point in the litigation to at least allow discovery to proceed to afford the opportunity to show that she was pursued maliciously by Phares, Cox and Wilson under the direction of the supervision of Sheriff and Attorney General Landry.

(*Id*. at 12.)

Regarding the Attorney General's motion to dismiss based on his immunity under the Eleventh Amendment, Plaintiff first cites to Fifth Circuit case law for the proposition that the *Ex Parte Young* doctrine permits a plaintiff to "sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law.'" (*Id*. at 14 (citing *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735–36 (5th Cir. 2020)).) Plaintiff then asserts that state actions, such as the actions that form the basis of her claims against the Attorney General, can properly be subject of § 1983 claims. (*Id*. at 15 (citing *Monroe v. Pape*, 365 U.S. 167 (1961)).)

Finally, in opposing the Attorney General's prescription argument, Plaintiff restates the response provided in her opposition to the previous AG Motion. (*Compare* Doc. 63 at 16, *with* Doc. 44 at 3.) In short, the alleged actions of the Attorney General which form the basis of

7

Plaintiff's claims did not culminate into a violation of law until her arrest; accordingly, her claims are timely. (Doc. 63 at 16.)

### C.  Attorney General Landry's Reply (Doc. 67)

The Attorney General first reiterates that, despite being afforded another opportunity to state a legally cognizable claim, the Amended Complaint contains numerous defects that are incurable or that Plaintiff is unable to amend to avoid dismissal. (Doc. 67 at 1–2.)

Next, the Attorney General maintains that Plaintiff's claims are barred by *Heck*. (*Id*. at 2.) The Attorney General notes that, while not referenced in the Amended Complaint, Plaintiff specifically asserts in her opposition that she entered into a pretrial diversion program in January 2020. (*Id*. at 2 (citing Doc. 63 at 8).) Thus, the *Heck* doctrine applies. (*Id*.)[7] The Attorney General also rejects Plaintiff's reliance on the arguments raised in the amicus brief filed in *Thompson v. Clark* because "[a]s discussed at length by the other Defendants in their respective reply memoranda, *Thompson* is factually and legally distinguishable from the case at bar because Plaintiff' [sic] underlying criminal case did not terminate in her favor." (*Id*. at 2–3 (referencing Docs. 64, 65, and 66).) The Attorney General urges that Plaintiff's suit should be dismissed based on *Heck* alone. (*Id*. at 3.)

Third, the Attorney General argues that Plaintiff's claims should be dismissed for the additional reason that they are barred by the Eleventh Amendment. (*Id*.) "Plaintiff does not provide any substantive arguments as to why immunity under the Eleventh Amendment is inapplicable," according to the Attorney General. (*Id*.) "Moreover, Plaintiff has not asserted a claim for injunctive relief in her Amended Complaint, much less a claim for *prospective* injunctive relief for the *Ex*

---

[7] The Attorney General "incorporates as if copied herein *in extenso* the arguments set forth in the reply memoranda filed by" Defendants Guillory, Cox, Travis, and Phares "regarding application of the *Heck* doctrine and *Thompson v. Clark* to the instant matter." (Doc. 67 at 2 (referencing Docs. 64, 65, and 66).)

*parte Young* exception to apply." (*Id.*) Finally, the Attorney General notes that the cases cited in Plaintiff's opposition "do not provide Plaintiff the legal precedent to overcome" his Eleventh Amendment immunity. (*Id.* (referencing Doc. 65 at 5).)

In response to Plaintiff's prescription argument, the Attorney General notes that Plaintiff does not cite any law or facts to support the contention that her action against him did not culminate into a violation of law until her arrest. (*Id.* at 3–4.) The Attorney General concludes:

> Plaintiff cannot overcome Attorney General Landry's defenses raised in his first or second motion to dismiss, and she has not met the requirements of Fed. R. Civ. P. 8 and 10 as to how the reformatted factual allegations in the Amended Complaint support the many confusing causes of action asserted, and how those allegations support legally cognizable claims as to the Attorney General.

(*Id.* at 4.) He thus argues that Plaintiff's claims against him should be dismissed with prejudice. (*Id.* at 4–5.)

### IV. Discussion

#### A. Shotgun Pleading

The Court notes at the outset of its analysis that Plaintiff's Amended Complaint still fails to meet the pleading standards established by Rules 8 and 10 of the Federal Rules of Civil Procedure, as the Attorney General correctly argues in support of his motion. (*See* Doc. 49-1 at 5–6.) In its prior ruling on Defendants' motions to dismiss, the Court laid out in detail the numerous pleading deficiencies in Plaintiff's original Complaint. (*See* Doc. 45.) The Court declines to revisit those deficiencies in detail again here. Simply put, Plaintiff's Amended Complaint, like its predecessor, is a shotgun pleading that fails to give Defendants notice of the claims against them and the grounds upon which each claim rests violation of Rules 8 and 10. (*See id.* at 30–33.) And while the Amended Complaint could be dismissed on this basis alone, the Court will address the

more substantive issues with the Amended Complaint that justify its dismissal with prejudice under Rule 12.

### B. *Heck v. Humphrey* bars Plaintiff's claims

The Attorney General essentially argues that Plaintiff's claims against him are barred by *Heck*'s favorable termination requirement. Again, he contends that Plaintiff's participation in a pretrial intervention program equates to a judgment terminating the criminal matter adverse to Plaintiff. While reference to Plaintiff's participation in this pretrial intervention program is now conspicuously absent from the operative complaint, it is referenced in Plaintiff's opposition. Specifically, Plaintiff attached the following as exhibits to her opposition: (1) the U.S. Supreme Court's Order granting certiorari in *Thompson v. Clark* (Doc. 63-1); (2) an amicus curiae brief submitted in *Thompson v. Clark* (Doc. 63-2); (3) Plaintiff's Pre-Trial Intervention Agreement for her misdemeanor theft charge (Doc. 63-3); (4) the warrant for Plaintiff's arrest (Doc. 63-4); and (5) a letter from the District Attorney informing Plaintiff that her misdemeanor theft charge was dismissed based on Plaintiff's completion of her probationary period on the Pre-Trial Intervention Program (Doc. 63-5). The Attorney General does not object to Plaintiff's exhibits in his reply brief. (*See* Doc. 67.) Thus, the Court will consider these documents, particularly those related to Plaintiff's entrance in and completion of the Pre-Trial Intervention Program, in ruling on the instant motion.[8]

---

[8] On a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. June 12, 2018) (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)). The Fifth Circuit has approved district courts' consideration of documents attached to a motion to dismiss, when such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *See Werner v. Dept. of Homeland Sec.*, 441 F. App'x 246, 248 (5th Cir. 2011); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The Court notes that some of the documents Plaintiff attached as exhibits to her opposition are not referenced in the Amended Complaint and are not necessary for this Court to decide the present motion. Nevertheless, the Court will consider Plaintiff's exhibits as they are public records of which the Court may take judicial notice or are otherwise central of Plaintiff's claims against the Attorney General.

The Court's prior ruling on Defendants' motions to dismiss provided a detailed discussion of the standards for the *Heck* doctrine and its favorable termination requirement. (*See* Doc. 45 at 34–38.) This Court specifically stated:

> [U]nder *Heck v. Humphrey,* 512 U.S. 477, 486–87 . . . (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000); *Sappington v. Bartee,* 195 F.3d 234, 235 (5th Cir. 1999). "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted). This requirement or limitation has become known as the "favorable termination rule." *Sappington,* 195 F.3d at 235.

(*Id.* at 34–35.) Of particular importance to this motion was the Court's discussion of pretrial diversion programs in the context of *Heck*:

> The Fifth Circuit considers voluntary participation in a pretrial diversion program to be a "conviction" for purposes of *Heck. See Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 506 (M.D. La. 2013) ("The Fifth Circuit has joined the Third and Second Circuits in treating pretrial intervention programs as convictions under *Heck*."). Moreover, the dismissal of charges after the completion of a pretrial program does not constitute a termination of the criminal proceedings in favor of the plaintiff. *See Evans v. Ball*, 168 F.3d 856, 859 (5th Cir. 1999) ("The rule in this circuit ... is that proceedings terminate in favor of the accused only when they affirmatively indicate that he is not guilty."), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

(*Id.* at 36.) This Court then applied the foregoing precedent to Plaintiff's Complaint and found that Plaintiff's participation in a Pre-Trial Intervention program constitutes a conviction under *Heck*. (*Id.* at 37–38.) Specifically, this Court held: "Plaintiff's criminal charge for theft was dismissed following her completion of a PTI program. Accordingly, Plaintiff's completion of that program shows that her criminal charge did not terminate in her favor. Therefore, any claim that questions

11

the validity of those proceedings is barred by *Heck*." (*Id*. at 37–38 (footnote omitted).) This Court further found that all of Plaintiff's claims, state and federal, were barred by *Heck*. (*See id*. at 41–48.)

In opposing the instant motion, Plaintiff urges this Court to reject the Attorney General's arguments regarding applicability of the *Heck* doctrine based on the *Thompson v. Clark* case that is currently pending before the Supreme Court. (*See* Doc. 63 at 9–12.) Plaintiff's objections regarding the current showing required to bring a Section 1983 claim and how the Supreme Court "should" rule in *Thompson* notwithstanding, this Court is bound to apply controlling precedent. Under that authority, Plaintiff's voluntary participation in a Pre-Trial Intervention program is equivalent to a conviction under *Heck*. *See Elphage*, 969 F. Supp. 2d at 506; *see also Bates v. McKenna*, 2012 WL 3309381, at *4–5 (W.D. La. Aug. 13, 2012).

Having carefully considered the matter, the Court finds that the claims asserted against the Attorney General in Plaintiff's Amended Complaint are barred by *Heck*. Importantly, Plaintiff has not alleged or identified any facts suggesting that her conviction—that is, her participation in the Pre-Trial Intervention program—was reversed on direct appeal, expunged, declared invalid, or otherwise called into question in a habeas proceeding. Thus, for the same reasons outlined in the Court's prior ruling on Defendants' motions to dismiss, the Court is compelled to conclude that Plaintiff's Section 1983 claims may not proceed because a judgment in her favor would necessarily imply the invalidity of Plaintiff's conviction. (*See* Doc. 45 at 41–47.) Additionally, since Plaintiff's state law claims arise from the same facts that resulted in her conviction, and that conviction has not been reversed or invalidated, Plaintiff's state law claims against the Attorney General are similarly barred by *Heck*. (*See id*. at 48 (citing *Lowell v. Ard*, No. 17-187, 2019 WL 4855150, at *3 (M.D. La. Oct. 1, 2019); *Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021)).)

### C. Sovereign Immunity

#### 1. Applicable Law

"Section 1983 provides a private right of action for damages to individuals who are deprived of 'any rights, privileges, or immunities' protected by the Constitution or federal law by any 'person' acting under the color of state law." *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (quoting 42 U.S.C. § 1983). "The Supreme Court has 'held that a State is not a "person" against whom a § 1983 claim for money damages might be asserted.'" *Med. RX/Sys., P.L.L.C. v. Texas Dep't of State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002)). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Id.* (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Nevertheless, "[i]n *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity." *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). "The [*Ex Parte Young*] Court held that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law." *Id.* (citing *American Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 920–21 (5th Cir. 1993)). "To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Id.* (citing *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992)).

### 2. Analysis

The Attorney General argues that any federal law claims asserted against him in Plaintiff's Amended Complaint should be dismissed based on his immunity from such claims under the Eleventh Amendment. (*See* Doc. 49-1 at 7.) Plaintiff apparently does not dispute that the Attorney General is entitled to immunity under the Eleventh Amendment; rather, she attempts to overcome this immunity by invoking the *Ex Parte Young* exception. (*See* Doc. 63 at 14–15.) Yet the Amended Complaint does not reflect that the relief sought against the Attorney General that is "declaratory or injunctive in nature and prospective in effect." *See Aguilar*, 160 F.3d at 1054. Instead, Plaintiff's Amended Complaint seeks recovery for various categories of monetary damages against all Defendants. (*See* Doc. 48 at 34–38.)[9] Thus, Plaintiff's allegations are insufficient to qualify for the *Ex Parte Young* exception to the rule of sovereign immunity. The Court will therefore grant the Attorney General's motion and dismiss all claims asserted against him in his official capacity under Section 1983.

Having found that all of Plaintiff's claims against the Attorney General are barred by the *Heck* doctrine, sovereign immunity under the Eleventh Amendment, or both, it is not necessary for the Court to address the Attorney General's additional arguments for dismissal pursuant to Rule 12(b)(6).

### V.     Conclusion

Accordingly,

---

[9] While the Court recognizes that Plaintiff's Amended Complaint concludes with a general prayer for "any and all general, equitable, revocatory, and declaratory relief to which he [sic] is or may be entitled," (Doc. 48 at 38), this broad, non-specific prayer fails to state a valid claim for declaratory relief sufficient to overcome the Attorney General's Eleventh Amendment immunity.

**IT IS ORDERED** that the *Defendant Attorney General Jeff Landry's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss Plaintiff's Amended Complaint* (Doc. 49) filed by the Attorney General are **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against the Attorney General are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on March 22, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**