# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TAMMY LEE GARIG**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 20-654-JWD-RLB**

**JEFFERY TRAVIS, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 11, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY LEE GARIG                                    CIVIL ACTION

VERSUS                                             NO. 20-654-JWD-RLB

JEFFERY TRAVIS, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court are a Motion to Dismiss filed by Defendant Susan L. Guillory in her official capacity as Town Clerk of Wilson ("Guillory" or "Town Clerk") (R. Doc. 51); a Motion to Dismiss filed by Defendant William "Bill" Cox, in his official capacity with the Louisiana State Police and in his individual capacity ("Cox") (R. Doc. 52); and a Motion to Dismiss filed by Defendants Jeffry Travis, Sheriff of East Feliciana Parish, and Greg Phares, former Chief Deputy of East Feliciana Parish, both in their official and individual capacities (collectively, the "Sheriff Defendants") (R. Doc. 58). Plaintiff filed a consolidated opposition to the three motions. (R. Doc. 63). The Defendants filed individual replies. (R. Docs. 64, 65, 66).

I.      **Background**

On October 2, 2020, Tammy Lee Garig ("Plaintiff"), a former employee of the Village of Wilson Police Department, commenced this civil action, naming as defendants Guillory, Cox, the Sheriff Defendants, and The Louisiana Attorney General Jeff Landry ("Attorney General"). (R. Doc. 1). In short, Plaintiff claims that the Defendants colluded to wrongfully investigate, maliciously prosecute, wrongfully arrest, and falsely imprison her on chargers of payroll fraud, malfeasance in office, and filing or maintaining false public records, which resulted in her

enrollment in a pretrial intervention ("PTI") program. (R. Doc. 1 at 2-21).[1] Plaintiff alleged the

following causes of action: (1) civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986;

(2) civil rights violations under Article I of the Louisiana Constitution; (3) malicious prosecution

and abuse of process; (4) false imprisonment, wrongful arrest, and wrongful detention; (5)

retaliatory arrest in violation of Plaintiff's First Amendment rights; (6) intentional infliction of

emotional distress/mental anguish; (7) negligence under Louisiana Civil Code article 2315; and

(8) trespass and invasion of privacy. (R. Doc. 1 at 21-28). Among other things, Plaintiff seeks

recovery of general and special damages, punitive damages, attorney's fees, and "any and all

general, equitable, revocatory, and declaratory relief to which [s]he is or may be entitled." (R.

Doc. 1 at 28-32).

      The Defendants filed five motions seeking dismissal of Plaintiff's claims as alleged in the

original Complaint. (R. Docs. 8, 12, 20, 22, 40). The Court stayed discovery until resolution of

the Sheriff Defendant's Motion to Dismiss, which raised the defense of qualified immunity. (R.

Doc. 19).[2]

      On June 30, 2021, the district judge issued a Ruling granting dismissal of all claims

against the Defendants. (R. Doc. 45).[3] The district judge held that Plaintiff's claims, as alleged,

were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff's participation in a

PTI program constitutes a conviction under *Heck* and any judgment in favor of Plaintiff's claims

would necessarily imply the invalidation of her conviction. (R. Doc. 45 at 33-48). In addition, the

---

[1] A complete description of the facts giving rise to this lawsuit, the criminal charges brought against Plaintiff, the warrant for her arrest, and her entry into the PTI program are detailed in the ruling dismissing Plaintiff's original Complaint. (*See* R. Doc. 45 at 5-9). The ruling describes the 20-page section titled "Official Statement of Facts" as "a poorly written, rambling, first person narrative of events dating back to 2016." *Id.*, at *31.

[2] Cox also raised the defense of qualified immunity. (R. Doc. 20). The Attorney General raised the defense of Eleventh Amendment immunity. (R. Doc. 40).

[3] *Garig v. Travis*, No. 20-654, 2021 WL 2708910, at *1 (M.D. La. June 30, 2021). The district judge denied the Attorney General's Motion to Dismiss under Rule 4(m) for failure to timely serve (R. Doc. 22), but granted the Attorney General's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

district judge concluded that most of Plaintiff's claims were also subject to dismissal because Plaintiff waived any arguments in opposition to Guillory's arguments with respect to municipal liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and the Sheriff Defendants' arguments on failure to state a claim and qualified immunity. (R. Doc. 45 at 48-49). Nevertheless, the district judge provided Plaintiff the opportunity to amend her Complaint to cure the deficiencies detailed in the body of the ruling. (R. Doc. 45 at 50-52).

On August 19, 2021, Plaintiff filed an Amended Supplemental Complaint for Damages ("Amended Complaint"). (R. Doc. 48). Plaintiff again alleged the following causes of action: (1) civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986; (2) civil rights violations under Article I of the Louisiana Constitution; (3) malicious prosecution and abuse of process; (4) false imprisonment, wrongful arrest, and wrongful detention; (5) retaliatory arrest in violation of Plaintiff's First Amendment rights; (6) intentional infliction of emotional distress/mental anguish; (7) negligence under Louisiana Civil Code article 2315; and (8) trespass and invasion of privacy. (R. Doc. 48 at 27-34). As in the original Complaint, Plaintiff's Amended Complaint does not specify whether the following causes of action are brought under federal law, state law, or both: malicious prosecution and abuse of process; false imprisonment, wrongful arrest, and wrongful detention; intentional infliction of emotional distress/mental anguish; and trespass and invasion of privacy.

On August 27, 2021, the Attorney General filed a Motion to Dismiss the Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6), arguing that the claims alleged in the Amended Complaint are barred under *Heck* and Eleventh Amendment immunity, and are otherwise prescribed. (R. Doc. 49; *see* R. Doc. 49-1). As discussed below, the district judge granted this Motion to Dismiss.

3

On September 2, 2021, Guillory filed a Motion to Dismiss under Rule 12(b)(6), arguing that the Amended Complaint fails to state a claim for municipal liability and otherwise are otherwise barred under *Heck*. (R. Doc. 51; *see* R. Doc. 51-1).

On September 3, 2021, Cox filed a Motion to Dismiss under Rule 12(b)(6), arguing that the claims alleged in the Amended Complaint are barred under *Heck* and qualified immunity, and otherwise fail to state a claim upon which relief may be granted. (R. Doc. 52; *see* R. Doc. 52-1).[4]

On September 7, 2021, the Sheriff Defendants filed a Motion to Dismiss under Rule 12(b)(6), similarly arguing that the claims alleged in the Amended Complaint are barred under *Heck* and qualified immunity, and otherwise fail to state a claim upon which relief may be granted. (R. Doc. 58; *see* R. Doc. 58-1).[5]

On October 25, 2021, after seeking and obtaining an extension of time to oppose the foregoing Motions to Dismiss (R. Docs. 62, 63), Plaintiff filed her consolidated Opposition. (R. Doc. 63). Plaintiff first argues that Defendants' arguments under *Heck* are inapplicable because Plaintiff entered into a PTI program and also in light of the U.S. Supreme Court's granting of a Petition for Certiorari on March 8, 2021 in the case *Thompson v. Clark*, No. 20-659 (2021).[6] (R. Doc. 63 at 9-12). Plaintiff then argues that the claims brought against the Attorney General, Cox, and the Sheriff Defendants should not be dismissed in light of Eleventh Amendment immunity. (R. Doc. 63 at 12-16).

The Defendants timely filed individual replies. (R. Docs. 64, 65, 66, 67). All of the Defendants argued that regardless of how the U.S. Supreme Court rules in *Thompson*, Plaintiff's

---

[4] On September 3, 2021, Cox filed a Motion to Substitute the original Motion to Dismiss to make certain corrections. (R. Doc. 54). The district judge granted the motion on September 7, 2021. (R. Doc. 55).
[5] On September 2, 2021, the Sheriff Defendants filed a Motion for Leave to file a 42-page memorandum in support of the Motion to Dismiss. (R. Doc. 50). The district judge granted the motion on September 7, 2021. (R. Doc. 56).
[6] *See Thompson v. Clark*, 794 Fed. App'x 140 (2d Cir. 2020), *writ granted in part*, 141 S. Ct. 1682 (2021).

claims remained barred under *Heck* because the underlying criminal case in *Thompson* was unconditionally dismissed, and Plaintiff's participation in a PTI program remains a conviction for the purposes of *Heck*. (R. Doc. 64 at 3-5; R. Doc. 65 at 3-4; R. Doc. 66 at 1-5; R. Doc. 67 at 2-3). In addition, Guillory argues that Plaintiff has (again) waived her arguments with respect to municipal liability under *Monell* and otherwise has not established municipal liability under *Monell*. (R. Doc. 64 at 2-3). Finally, Cox and the Sheriff Defendants similarly argue that Plaintiff has waived any arguments on qualified immunity (by addressing the separate issue of Eleventh Amendment immunity or citing overruled law) and waived any arguments on her failure to meet the applicable pleading standards. (R. Doc. 65 at 4-5; R. Doc. 66 at 5-7)

On March 22, 2022, the district judge issued a Ruling granting the Attorney General's Motion to Dismiss and dismissing, with prejudice, Plaintiff's claims against the Attorney General. (R. Doc. 70).[7] In so ruling, the district judge specifically held that Plaintiff's claims, as alleged in the Amended Complaint, are barred under *Heck* (notwithstanding the resolution of *Thomas*) and Eleventh Amendment immunity. (R. Doc. 70 at 10-14).

On May 5, 2022, the remaining Motions to Dismiss filed by Guillory, Cox, and the Sheriff Defendants were referred to the undersigned for resolution. (R. Doc 71).

## II.    Law and Analysis

### A.    Legal Standards for Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[8] In order to survive a Rule 12(b)(6)

---

[7] *Garig v. Travis*, No. 20-654, 2022 WL 868519, at *1 (M.D. La. Mar. 22, 2022).

[8] *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.").

motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

### B.    Shotgun Pleading

The district judge detailed various pleading deficiencies in the first ruling dismissing Plaintiff's original Complaint. (R. Doc. 45 at 28-33). The district judge concluded "that Plaintiff's Complaint suffers from several distinct pleading deficiencies and fails to meet the requirements of the pleading standards established by Rules 8 and 10 of the Federal Rules of Civil Procedure, tasking both Defendants and the Court with sorting through an amalgamation of potential claims 'interwoven in a haphazard fashion.'" (R. Doc. 45 at 28) (citing *James v. City of Plaquemine*, No. 18-858, 2019 WL 4452834, at *2 (M.D. La. Sept. 17, 2019) (citing *Weiland v.*

6

*Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)) (quoting *T.D.S. Inc. v.*

*Shelby Mut Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985))).

Similarly, the district judge held that "Plaintiff's Amended Complaint, like its

predecessor, is a shotgun pleading that fails to give Defendants notice of the claims against them

and the grounds upon which each claim rests violation of Rules 8 and 10." (R. Doc. 70 at 9)

(citing R. Doc. 45 at 30-33). "And while the Amended Complaint could be dismissed on this

basis alone, the undersigned will address the more substantive issues with the Amended

Complaint that justify its dismissal with prejudice under Rule 12." (R. Doc. 70 at 9-10).

Accordingly, the district judge has already concluded that the allegations in Plaintiff's

Amended Complaint violates Rules 8 and 10. As the district judge did in ruling in favor of the

Attorney General, however, the Court will discuss the substantive issues raised by remaining

Motions to Dismiss.

### C.    *Heck v. Humphrey* **bars Plaintiff's claims**

In granting the Attorney General's Motion to Dismiss, the district judge concluded that

the claims in the Amended Complaint brought against the Attorney General are barred by *Heck.*

(*See* R. Doc. 70 at 10-12). In reaching this conclusion, the district judge considered the following

exhibits attached to Plaintiff's opposition: (1) the U.S. Supreme Court's Order granting certiorari

in *Thompson v. Clark* (R. Doc. 63-1); (2) an amicus curiae brief submitted in *Thompson v. Clark*

(R. Doc. 63-2); (3) Plaintiff's Pre-Trial Intervention Agreement for her misdemeanor theft

charge (R. Doc. 63-3); (4) the warrant for Plaintiff's arrest (R. Doc. 63-4); and (5) a letter from

the District Attorney informing Plaintiff that her misdemeanor theft charge was dismissed based

on Plaintiff's completion of her probationary period on the Pre-Trial Intervention Program (R.

Doc. 63-5). (*See* R. Doc. 70 at 10).[9]

      Having considered the record, the Court reaches the same conclusion that *Heck* bars

Plaintiff's claims, as amended, brought against Guillory, Cox, and the Sheriff Defendants.  The

district judge's prior ruling on Defendants' motions to dismiss the original Complaint provided a

detailed discussion of the standards for the *Heck* doctrine and its favorable termination

requirement. (*See* R. Doc. 45 at 34-38.) The district judge specifically stated:

> [U]nder *Heck v. Humphrey,* 512 U.S. 477, 486–87 . . . (1994), a plaintiff who has
> been convicted of a crime cannot recover damages for an alleged violation of his
> constitutional rights if the alleged violation arose from the same facts attendant to
> the charge for which he was convicted, unless he proves "that his conviction or
> sentence has been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus."
> *Heck,* 512 U.S. at 486–87; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000);
> *Sappington v. Bartee,* 195 F.3d 234, 235 (5th Cir. 1999). "*Heck* requires the
> district court to consider 'whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.' " *Jackson v. Vannoy,* 49
> F.3d 175, 177 (5th Cir. 1995) (citation omitted). This requirement or limitation
> has become known as the "favorable termination rule." *Sappington,* 195 F.3d at
> 235.

---

[9] The district judge held that it was proper to consider these documents on a motion to dismiss:

> On a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents
> incorporated into the complaint by reference, and matters of which a court may take judicial
> notice.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892
> F.3d 719, 726 (5th Cir. June 12, 2018) (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir.
> 2011)). The Fifth Circuit has approved district courts' consideration of documents attached to a
> motion to dismiss, when such documents are referred to in the plaintiff's complaint and are central
> to the plaintiff's claim. *See Werner v. Dept. of Homeland Sec.*, 441 F. App'x 246, 248 (5th Cir.
> 2011); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley
> Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The Court notes that some of the documents
> Plaintiff attached as exhibits to her opposition are not referenced in the Amended Complaint and
> are not necessary for this Court to decide the present motion. Nevertheless, the Court will consider
> Plaintiff's exhibits as they are public records of which the Court may take judicial notice or are
> otherwise central of Plaintiff's claims against the Attorney General.

(R. Doc. 70 at 10 n. 8).

(R. Doc. 45 at 34-35). Of particular importance to this motion was the district judge's discussion

of PTI programs in the context of *Heck*:

> The Fifth Circuit considers voluntary participation in a pretrial diversion program
> to be a "conviction" for purposes of *Heck*. *See Elphage v. Gautreaux*, 969 F.
> Supp. 2d 493, 506 (M.D. La. 2013) ("The Fifth Circuit has joined the Third and
> Second Circuits in treating pretrial intervention programs as convictions under
> *Heck*."). Moreover, the dismissal of charges after the completion of a pretrial
> program does not constitute a termination of the criminal proceedings in favor of
> the plaintiff. *See Evans v. Ball*, 168 F.3d 856, 859 (5th Cir. 1999) ("The rule in
> this circuit ... is that proceedings terminate in favor of the accused only when they
> affirmatively indicate that he is not guilty."), *abrogated on other grounds by
> Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

(R. Doc. 45 at 36). This district judge then applied the foregoing precedent to Plaintiff's

Complaint and found that Plaintiff's participation in a PTI program constitutes a conviction

under *Heck*. (R. Doc. 45 at 37-38). Specifically, this district judge held: "Plaintiff's criminal

charge for theft was dismissed following her completion of a PTI program. Accordingly,

Plaintiff's completion of that program shows that her criminal charge did not terminate in her

favor. Therefore, any claim that questions the validity of those proceedings is barred by *Heck*."

(R. Doc. 45 at 37-38 (footnote omitted).) This district judge further found that all of Plaintiff's

claims, state and federal, were barred by *Heck*. (R. Doc. 45 at 41-48).

Notwithstanding the foregoing, Plaintiff urges this Court to reject the Defendants'

arguments regarding applicability of the *Heck* doctrine based on the Supreme Court's

forthcoming *Thompson* decision. (*See* R. Doc. 63 at 9-12). In granting the Attorney General's

motion to dismiss, however, the district judge specifically held that the resolution of *Thompson*

would have no bearing on controlling precedent holding that a PTI program constitutes a

conviction under *Heck*:

> Plaintiff's objections regarding the current showing required to bring a Section
> 1983 claim and how the Supreme Court "should" rule in *Thompson*
> notwithstanding, this Court is bound to apply controlling precedent. Under that
> authority, Plaintiff's voluntary participation in a Pre-Trial Intervention program is

equivalent to a conviction under *Heck*. *See Elphage*, 969 F. Supp. 2d at 506; *see also Bates v. McKenna*, 2012 WL 3309381, at *4-5 (W.D. La. Aug. 13, 2012).

Having carefully considered the matter, the Court finds that the claims asserted against the Attorney General in Plaintiff's Amended Complaint are barred by *Heck*. Importantly, Plaintiff has not alleged or identified any facts suggesting that her conviction—that is, her participation in the Pre-Trial Intervention program— was reversed on direct appeal, expunged, declared invalid, or otherwise called into question in a habeas proceeding. Thus, for the same reasons outlined in the Court's prior ruling on Defendants' motions to dismiss, the Court is compelled to conclude that Plaintiff's Section 1983 claims may not proceed because a judgment in her favor would necessarily imply the invalidity of Plaintiff's conviction. (*See* Doc. 45 at 41-47.) Additionally, since Plaintiff's state law claims arise from the same facts that resulted in her conviction, and that conviction has not been reversed or invalidated, Plaintiff's state law claims against the Attorney General are similarly barred by *Heck*. (*See id*. at 48 (citing *Lowell v. Ard*, No. 17-187, 2019 WL 4855150, at *3 (M.D. La. Oct. 1, 2019); *Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021)).)

(R. Doc. 70 at 12).

In the interim since the district judge issued his order in favor of the Attorney General, the Supreme Court issued its *Thompson* opinion. *See Thompson*, 142 S. Ct. 1332 (2022). In *Thompson*, the Supreme Court addressed a narrow issue regarding the favorable termination standard, namely whether the plaintiff must only "show that his criminal prosecution ended without a conviction" or also show "that the prosecution ended with some affirmative indication of his innocence, such as an acquittal or a dismissal accompanied by a statement from the judge that the evidence was insufficient." *Id*. at 1335. The Supreme Court held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Id.*

The Supreme Court's holding and findings in *Thompson* have no bearing on whether the entering of PTI program is a non-favorable termination of prosecution and constitutes a conviction for purposes of *Heck*. As discussed above, courts within the Fifth Circuit have held

that the competition of a PTI program resulting in the dismissal of charges is a conviction for the purposes of *Heck*. *See Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 506 (M.D. La. 2013); *see also Bates v. McKenna*, 2012 WL 3309381, at *4-5 (W.D. La. Aug. 13, 2012); *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) ("We conclude that a deferred adjudication order is a conviction for the purposes of *Heck*'s favorable termination rule."). In short, the Court concludes that Plaintiff's prosecution ended in a conviction for the purposes of *Heck*, and, therefore, the rule set forth in *Thompson* is inapplicable in this case.

As with Plaintiff's original claims under federal law and state law, Plaintiff's claims in the Amended Complaint are barred by *Heck* because a successful action under federal or state law would "necessarily imply the invalidity" of Plaintiff's conviction. (*See* R. Doc. 45 at 41-48). Accordingly, Plaintiff's claims as alleged in the Amended Complaint must be dismissed with prejudice because they are barred by *Heck*.

**D.    Municipal Liability and Qualified Immunity**

In ruling on the motions to dismiss the original Complaint, the district judge did not specifically reach the issue of whether Plaintiff's claims were subject to dismissal in light of the requirements for municipal liability under *Monell* and qualified immunity. Instead, the district judge held that Plaintiff waived her arguments in opposition to those issues raised by the Defendants. It is unclear how any amendment to the original Complaint could remedy this waiver. That said, having reviewed the Amended Complaint and the arguments of the parties, the Court again concludes that Plaintiff has waived her arguments with respect to *Monell* liability and qualified immunity, or has otherwise failed to allege sufficient facts with respect to *Monell* liability and qualified immunity.

### 1.    Municipal Liability Under *Monell* (Defendant Guillory)

Plaintiff names Defendant Guillory "in her official capacity as Town Clerk for the Village of Wilson." (Doc. 48 at 2).[10] These "official capacity" suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). To prevail against a municipality under § 1983, Plaintiff must establish "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Piotrowski v. City of Houston*, 237 F. 3d 567, 578-80 (5th Cir. 2001).

Plaintiff, in her Amended Complaint, fails to state any facts that support an assertion that Guillory is a policymaker, and fails to identify any policy or custom that was a "moving force" behind a constitutional violation. (*See generally* R. Doc. 48). Furthermore, Plaintiff again makes no attempt in opposing Guillory's Motion to Dismiss to address how municipal liability under *Monell* has been established. In short, Plaintiff has completely ignored Guillory's argument that the Amended Complaint fails to state a claim of municipal liability under *Monell*.

As with the alleged claims in the original Complaint, the alleged claims against Guillory in the Amended Complaint are subject to dismissal because "Plaintiff failed to meaningfully oppose" Guillory's Motion to Dismiss on this claim. *See JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo*

---

[10] Plaintiff states, with no elaboration, that the Amended Complaint alleges a claims against Guillory individually. (*See* R. Doc. 63 at 13). To be clear, the caption of the Amended Complaint (as well as the caption of the original Complaint) suggests that Guillory is sued in her "personal capacity and prior official capacity as Town Clerk for The Village of Wilson." (*See* R. Doc. 48 at 1; R. Doc. 1 at 1). The body of these pleadings, however, both state that Guillory is sued only "in her official capacity as Town Clerk for the Village of Wilson." (*See* R. Doc. 48 at 2; R. Doc. 1 at 2). Plaintiff does not direct the Court to any allegations in the pleadings supporting a finding that Guillory is sued in her personal capacity.

*Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) (finding that relator waived argument as to how certain write-offs fell within a particular provision of the False Claims Act).

Accordingly, in addition to the *Heck* doctrine, Plaintiff's claims against Guillory are subject to dismissal with respect to her failure to address municipal liability under *Monell*.

### 2. Qualified Immunity (Defendant Cox and the Sheriff Defendants)

Having concluded that Plaintiff's claims remain barred by *Heck*, the Court need not consider whether any of Plaintiff's claims are barred by the defense qualified immunity. *See Muthuswamy v. Liberto*, No. 19-112, 2020 WL 5802425, at *8 (E.D. La. Sept. 29, 2020) ("Having found that Plaintiff's claims are barred by *Heck v. Humphrey* and that Plaintiff's claims against the City and the Chief of Police fail, the Court need not reach the issue of qualified immunity."). Furthermore, as discussed above, the district judge has already concluded that Plaintiff has waived any arguments in opposition to qualified immunity. (R. Doc. 45 at 48-49). Even though Plaintiff was provided an additional opportunity to address Defendants' arguments with respect to qualified immunity, she failed to do so once again.

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Here, Plaintiff has once again failed to address the arguments raised in support of a finding of qualified immunity. Plaintiff first argues that Cox and the Sheriff Defendants are not entitled to Eleventh Amendment immunity – arguments those defendants dd not raise. (*See* R. Doc. 63 at 11-13). Then, Plaintiff appears to rely on *Sanders v. English*, 950 F.2d 1152 (5th Cir. 1992) for the apparent purpose of establishing a Section 1983 malicious prosecution claim notwithstanding the Defendants' immunity arguments.[11] To be clear, the Fifth Circuit has held, *en banc*, that there is no "constitutional malicious-prosecution theory" to support a claim under Section 1983. *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020) (citing *Castello v. Fragozo*, 352 F.2d 939, 954 (5th Cir. 2003).

As with the alleged claims in the original Complaint, the alleged claims against Cox and the Sheriff Defendants in the Amended Complaint are subject to dismissal because "Plaintiff failed to meaningfully oppose" their Motions to Dismiss on the issue of qualified immunity. *See JMCB*, 336 F. Supp. 3d at 634; *Apollo Energy*, 387 F. Supp. 3d at 672.

## III.    Conclusion

Accordingly,

**IT IS RECOMMENDED** that the pending Motions to Dismiss (R. Docs. 51, 52, and 58) be **GRANTED**, and that Plaintiff's claims against Guillory, Cox, and the Sheriff Defendants be **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on July 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Plaintiff references *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled in part by Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), for the purpose of establishing that a Section 1983 action based on state right violations has been recognized against the Attorney General. (*See* R. Doc. 63 at 15). Plaintiff does not explain or otherwise argue, however, how *Monroe* precludes a finding of qualified immunity with respect to Cox and the Sheriff Defendants.

14